UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
Societe Pour L'Oeuvre et La Memoire
D'Antoine de Saint Exupery-Succession
De Saint Exupery D'Agay,

                    Plaintiff,

          - against -

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A
TO THE COMPLAINT,

                    Defendants.
---------------------------------------X

**ORDER**

26 Civ. 4936 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**WHEREAS** on June 23, 2026, the Court held a hearing on an application for entry of a preliminary injunction to follow an expiring temporary restraining order in TV Tokyo Corp. v. Bear Hugs et al., No. 26 Civ. 4292 (NRB) (S.D.N.Y. 2026) ("TV Tokyo"), and which was brought by the same plaintiff's counsel, Whitewood Law PLLC; and

**WHEREAS** the Court has concluded that the Temporary Restraining Order entered in this case, ECF No. 17 ("TRO") was improvidently entered; and

**WHEREAS** the Court stated on the record in TV Tokyo that a preliminary injunction would not be entered because plaintiff had failed to establish that defendants -- all of whom are foreign

1

non-domiciliaries -- "transact[] any business within the state or contract[] anywhere to supply goods or services in the state," N.Y. C.P.L.R. § 301(a)(1), in that there was no proof of any "shipment" or other "transaction" with a "receipt" or "confirmation"; see Am. Girl, LLC v. Zembrka, 118 F.4th 271, 278 (2d Cir. 2024); see also Dularidze v. Turk Hava Yallario A.O., No. 1:20 Civ. 4978 (GHW), 2024 WL 3567332, at *4 (S.D.N.Y. July 28, 2024); and

**WHEREAS** the Court further stated on the record that the plaintiff in TV Tokyo had failed to establish that alternative electronic service was permissible rather than Hague Convention service and further referenced the Court's concurrence with the concerns of Judge Subramanian expressed in ECF No. 48, Those Characters from Cleveland, LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A, 26 Civ. 2444 (S.D.N.Y. 2026) ("Far from 'reasonable diligence,' plaintiff appears to have done very little to locate defendants, just copying and pasting addresses into online mapping services, claiming failure where there is no exact match[.]"); and

**WHEREAS** on June 26, 2026, the Court denied a motion to reargue in TV Tokyo; and

**WHEREAS** the same issues with personal jurisdiction and Hague Convention service are present in the above-captioned case as in

2

<u>TV Tokyo</u>; and

**WHEREAS** lack of personal jurisdiction is grounds for dismissal of the complaint; it is hereby

**ORDERED** that the TRO is vacated; and it is further

**ORDERED** that plaintiff inform the "Financial Institutions" listed in Paragraph 2 of the TRO, TRO ¶ 2, that the "Temporary Asset Restraint," as well as all other restraints and provisions for expedited discovery have been vacated and have no further force or effect; and it is further

**ORDERED** that plaintiff inform defendants that the TRO has been vacated and has no further force or effect; and it is further

**ORDERED** that plaintiff's counsel submit a signed affidavit documenting that it has informed the Financial Institutions to lift all "Temporary Asset Restraints" and other restraints on defendants' accounts and that defendants have clearly been informed that the restraints on their accounts have been lifted, with detailed descriptions and/or illustrative exhibit(s); and it is further

**ORDERED** that upon proof of compliance with the Court's directions to inform the Financial Institutions and the defendants of the content and impact of this order, the case will be formally dismissed.

Dated:   New York, New York

June 26, 2026

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

4